UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

DALLAS DEVANE SYLVESTER

    Petitioner,

vs.                                         Case No.:    3:14-cv-648-J-32JRK
                                                                3:09-cr-173-J-32JRK

UNITED STATES OF AMERICA,

    Respondent.
_____/

## ORDER

This case is before the Court on Petitioner Dallas Sylvester's pro se Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Civ. Doc. 1, § 2255 Motion) and supporting memorandum (Civ. Doc. 2, Memorandum).[1] The United States has moved to dismiss the § 2255 Motion as time-barred (Civ. Doc. 6, Motion to Dismiss).[2] Because Petitioner's § 2255 Motion is untimely, the United States' Motion to Dismiss is due to be granted.

Pursuant to 28 U.S.C. § 2255 and Rule 8(a) of the Rules Governing Section 2255 Proceedings, the Court has considered the need for an evidentiary hearing and

---

[1] Citations to the underlying criminal case file, United States v. Dallas Sylvester, No. 3:09-cr-173-J-32JRK, will be denoted as "Crim. Doc. ___." Citations to the civil § 2255 case file, No. 3:14-cv-648-J-32JRK, will be denoted as "Civ. Doc. ___."

[2] With the assistance of the Federal Public Defender, Petitioner also moved to supplement the § 2255 Motion with a claim that his Guidelines career offender enhancement was unlawful under Johnson v. United States, 135 S. Ct. 2551 (2015), because U.S.S.G. § 4B1.2's residual clause was unconstitutionally vague. (Civ. Doc. 9, Motion to Supplement). However, Petitioner withdrew this claim after the United States Supreme Court held in Beckles v. United States, 137 S. Ct. 886, 890 (2017), that the void-for-vagueness doctrine does not apply to advisory sentencing guidelines. (See Civ. Docs. 18, 19). Thus, the Court will not consider the Johnson claim further.

1

determines that a hearing is not necessary to resolve the merits of this action. See Rosin v. United States, 786 F.3d 873, 877 (11th Cir. 2015) (an evidentiary hearing is not required when the petitioner asserts allegations that are affirmatively contradicted by the record or patently frivolous, or if in assuming that the facts he alleges are true, he still would not be entitled to any relief).

## I. Background

On November 10, 2009, Petitioner pled guilty, pursuant to a written plea agreement, to one count of distribution of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). (See Crim. Doc. 26, Plea Agreement; Crim. Doc. 56, Plea Transcript). The Magistrate Judge who presided over the change-of-plea colloquy recommended that the Court accept the guilty plea as "knowledgeable and voluntary" and "supported by an independent basis in fact." (Crim. Doc. 27, Report and Recommendation Concerning Guilty Plea). The Court accepted Petitioner's guilty plea and adjudicated him accordingly. (Crim. Doc. 28, Acceptance of Guilty Plea).

The Presentence Investigation Report (PSR) stated that Petitioner qualified to be sentenced as a career offender under § 4B1.1 of the United States Sentencing Guidelines. PSR at ¶ 28.[3] The PSR identified three prior convictions that supported the career offender enhancement, each from the state of Florida: (1) a 1998 conviction

---

[3] A defendant qualifies to be sentenced as a career offender under the Sentencing Guidelines "if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. § 4B1.1(a).

for the sale of cocaine[4], (2) a 2002 conviction for felony battery involving great bodily injury, permanent disability, or disfigurement, and (3) a 2002 conviction for aggravated assault with a deadly weapon. Id. at ¶ 28; see also id. at ¶¶ 42, 50, 52. As a result, Petitioner's total offense level was 29 and his Criminal History Category was VI, yielding an advisory sentencing range of 151 to 188 months in prison. PSR at ¶¶ 32, 63, 95. However, the United States moved for a three-level reduction under U.S.S.G. § 5K1.1 because Petitioner had provided substantial assistance. (Crim. Doc. 31, § 5K1.1 Motion). The reduction, if granted, would have yielded an advisory sentencing range of 120 to 150 months in prison. (Id. at 2). The United States recommended a sentence at the low end of that range, or 120 months. (Id.).

At the sentencing hearing on April 13, 2010, Petitioner did not object to the career offender enhancement. (Crim. Doc. 57, Sentencing Transcript at 2-3).[5] After hearing from all sides, the Court granted the § 5K1.1 Motion and sentenced Petitioner to a term of 120 months in prison, which represented the low end of the reduced Guidelines range. (Id. at 30, 35). Neither party objected to the sentence. (Id. at 37).

The Court entered judgment on April 14, 2010. (Crim. Doc. 35, Judgment). Consistent with the terms of his plea agreement (see Crim. Doc. 26 at 10), Petitioner did not appeal his sentence. As such, Petitioner's conviction and sentence became final 14 days later, on April 28, 2010, when time expired to file a notice of appeal. See Adams

---

[4] Although the record in the criminal case does not identify the numerical statutory section under which Petitioner was convicted, he asserts in his § 2255 case that his 1998 sale of cocaine conviction was for a violation of Florida Statute § 893.13(1)(a). (See Civ. Doc. 2 at 2).

[5] Petitioner did object to the scoring of a prior conviction in paragraph 48 of the PSR, but it did not affect his Guidelines range. (Id.).

3

v. United States, 173 F.3d 1339, 1342 n.2 (11th Cir. 1999) (when a defendant does not pursue a direct appeal, his conviction and sentence become final when the time to file a notice of appeal expires).[6]

Petitioner signed and filed the § 2255 Motion more than four years later. (See Civ. Doc. 1 at 13); see Houston v. Lack, 487 U.S. 266, 276 (1988) (a pro se prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing). Petitioner alleges that he "suffered an erroneous classification under 28 U.S.C. § 994(h) as a career offender based on non-predicate offenses." (Civ. Doc. 1 at 4; see also Civ. Doc. 2 at 5). Specifically, he argues that his prior conviction for the sale of cocaine, in violation of § 893.13(1)(a), Fla. Stat., does not qualify as a "controlled substance offense" as defined under 28 U.S.C. § 994(h) and U.S.S.G. § 4B1.2(b). Petitioner argues that the sale-of-cocaine conviction is not a "controlled substance offense" because "knowledge of the illicit nature of the substance was not an element of the offense." (Civ. Doc. 2 at 6). In support of his argument, Petitioner primarily relies on Descamps

---

[6] In July 2012, Petitioner filed a pro se Motion for Reduction of Sentence Under 18 U.S.C. § 3582(c)(2), requesting a sentence reduction under Amendment 750 to the United States Sentencing Guidelines. (See Crim. Doc. 36). After appointing counsel for Petitioner, this Court denied the motion because Petitioner was sentenced as a career offender, and Amendment 750 would not have affected his guidelines calculation. (See Crim. Doc. 45). Petitioner appealed (see Crim. Doc. 46), but the Eleventh Circuit Court of Appeals affirmed (Crim. Doc. 50), and the United States Supreme Court denied his petition for writ of certiorari (Crim. Doc. 52). The filing and denial of the Motion for Reduction of Sentence did not toll 28 U.S.C. § 2255(f)'s statute of limitations. See Murphy v. United States, 634 F.3d 1303, 1309 (11th Cir. 2011) (a Rule 35(b) modification does not reset the § 2255(f) limitations clock).

4

v. United States, 133 S. Ct. 2276 (2013)[7], and Donawa v. Att'y General, 735 F.3d 1275 (11th Cir. 2013).[8]

## II. Timeliness Under 28 U.S.C. § 2255(f)(3)

Anticipating the issue of timeliness, Petitioner submits that his § 2255 Motion is timely filed under 28 U.S.C. § 2255(f)(3).[9] (See Civ. Docs. 1 at 12; Civ. Doc. 2 at 1-4). Under § 2255(f)(3), a federal prisoner may move to vacate his sentence within one year of "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court *and* made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3) (emphasis added).

Petitioner relies on the Supreme Court's decision in Descamps, 133 S. Ct. 2276, which was issued on June 20, 2013, to invoke § 2255(f)(3)'s limitations period. (See Civ. Doc. 1 at 12; Civ. Doc. 2 at 1-4). Petitioner argues that Descamps applies on collateral review because it did not announce a new rule but merely clarified an old one. (See Civ. Doc. 2 at 4).

---

[7] In Descamps, the United States Supreme Court held "that sentencing courts may not apply the modified categorical approach when the crime of which the defendant was convicted has a single, indivisible set of elements." 133 S. Ct. at 2282.

[8] In Donawa, the Eleventh Circuit held that a Florida conviction for possession of cannabis with intent to sell did not qualify as a "drug trafficking crime," as defined under the Immigration and Nationality Act and by cross-reference to 18 U.S.C. § 924(c)(2), because it lacked a mens rea element with respect to the nature of the substance. 735 F.3d at 1281-83.

[9] Petitioner also makes two isolated references to 28 U.S.C. § 2255(f)(4) (see Civ. Docs. 1 at 12; 2 at 1); however, nowhere in his Motion or his Memorandum does he articulate any recently discovered facts supporting his claim that might render his Motion timely under § 2255(f)(4). Consequently, the provision does not apply.

5

In response, the United States moves to dismiss the § 2255 Motion as untimely. (See Civ. Doc. 6). The United States initially argues that § 2255(f)(3) does not apply to Petitioner because the Supreme Court did not make Descamps retroactively applicable on collateral review. (See Civ. Doc. 6 at 3-4).[10] But later in the same motion, the United States declares that the "government has made a considered decision not to challenge Descamps v. United States, 133 S. Ct. 2276 (2013), under the retroactivity doctrine of Teague v. Lane, 489 U.S. 288 (1989). The affirmative waiver of this defense removes it from the case. Cf. Wood v. Milyard, 132 S. Ct. 1826, 1833 n.5, 1835 (2012)." (Civ. Doc. 6 at 7-8, n.2).

In light of footnote 2, the Court deems the United States to have (correctly) conceded that Descamps applies on collateral review, notwithstanding its initial argument to the contrary. Accord Mays v. United States, 817 F.3d 728, 734 (11th Cir. 2016) (holding that Descamps applies on collateral review because "Descamps did not announce a new rule—its holding merely clarified existing precedent."). "But being retroactively applicable to cases on collateral review is only part of the test for restarting the statute of limitations. AEDPA also requires that the right have been 'newly recognized by the Supreme Court.'" Beeman v. United States, 871 F.3d 1215, 1219-20 (11th Cir. 2017) (quoting 28 U.S.C. § 2255(f)(3)), cert. denied, 139 S. Ct. 1168 (2019).

---

[10] This argument seems to confuse § 2255(f)(3) with § 2255(h). Although only the Supreme Court can make the retroactivity determination under § 2255(h), subsection (f)(3) permits a lower court to make the retroactivity determination. Figuereo-Sanchez v. United States, 678 F.3d 1203, 1207 (11th Cir. 2012) (citing Dodd v. United States, 365 F.3d 1273, 1278, 1280-81 (11th Cir. 2004)). Thus, the Supreme Court itself need not make one of its decisions retroactively applicable to activate § 2255(f)(3).

6

Thus, two conditions must be met for a Supreme Court decision to trigger § 2255(f)(3)'s extended limitations period: (1) the decision must "recognize a new right," and (2) the decision must "be made retroactively applicable on collateral review." Id. at 1219. A Supreme Court decision that "merely clarifies an old rule" will apply on collateral review, but such a decision is not new and will not trigger § 2255(f)(3). Figuero-Sanchez, 678 F.3d at 1207 n.4. For these very reasons, the Eleventh Circuit held that "the issuance of the Descamps decision cannot qualify as a triggering date under § 2255(f)(3)." Beeman, 871 F.3d at 1219. As the court explained,

> … our Mays decision makes clear that Descamps did not set out a newly recognized right. In fact, we based our decision on the recognition that "Descamps did not announce a new rule—its holding merely clarified existing precedent." 817 F.3d at 734; see also Descamps, 133 S. Ct. at 2283 ("Our caselaw explaining the categorical approach and its 'modified' counterpart all but resolves this case."). And as we have explained, "[i]f the decision merely clarifies an old rule, …. the petitioner will not be able to take advantage of the extended statute of limitations under § 2255, which requires a newly recognized right by the Supreme Court." Figuero-Sanchez v. United States, 678 F.3d 1203, 1207 n.4 (11th Cir. 2012). As a result, a § 2255 movant wishing to raise a Descamps claim cannot rely on subsection (f)(3) as the starting point for the calculation of the limitations period.

Beeman, 871 F.3d at 1220.

Beeman thus forecloses Petitioner's attempt to rely on Descamps and § 2255(f)(3) to render his § 2255 Motion timely. Descamps did not announce a new rule, and therefore cannot extend the statute of limitations under § 2255(f)(3). Since § 2255(f)(3) is inapplicable, § 2255(f)(1) governs the timeliness of Petitioner's motion. Because Petitioner's conviction and sentence became final on April 28, 2010, but Petitioner did not file the § 2255 Motion until over four years later, on June 2, 2014 (see Civ. Doc. 1 at 13), the § 2255 Motion is untimely under § 2255(f)(1).

7

The United States also asserts that Petitioner has not established any extraordinary circumstance that would toll the time for filing his § 2255 Motion. (See Civ. Doc. 6 at 1). The Court agrees. Although § 2255(f)'s statute of limitations is subject to equitable tolling, Sandvik v. United States, 177 F.3d 1269, 1271 (11th Cir. 1999), equitable tolling "is an extraordinary remedy 'limited to rare and exceptional circumstances and typically applied sparingly,'" Cadet v. Fla. Dep't of Corr., 853 F.3d 1216, 1221 (11th Cir. 2017) (quoting Hunter v. Ferrell, 587 F.3d 1304, 1308 (11th Cir. 2009)). Petitioner has neither identified (1) how he was "pursuing his rights diligently," nor (2) an "extraordinary circumstance [that] stood in his way and prevented timely filing.'" Id. (citing Holland v. Florida, 560 U.S. 631, 649 (2010) ("Holland II")). As such, equitable tolling cannot excuse the untimeliness of the § 2255 Motion.

### III. The Merits

Even if Petitioner could overcome the time-bar, at least three independent reasons preclude § 2255 relief. However, the Court will only address the easiest one.[11] Petitioner challenges only one of the three predicate convictions for the career offender enhancement, whereas § 4B1.1 merely requires two predicate convictions. (Civ. Doc. 6 at 4-6); see also U.S.S.G. § 4B1.1(a). Thus, even if Petitioner succeeded in challenging

---

[11] The other two reasons are that (1) a Florida conviction for the sale of cocaine is a controlled substance offense under current binding precedent, United States v. Smith, 775 F.3d 1262, 1268 (11th Cir. 2014) (but see the Supreme Court's grant of certiorari review in Shular v. United States, No. 18–6662), and (2) a misapplication of the career offender guideline is not cognizable on collateral review, Spencer v. United States, 773 F.3d 1132, 1138-41 (11th Cir. 2014) (en banc).

8

the use of his sale-of-cocaine conviction as a "controlled substance offense," he would still qualify as a career offender based on the other two uncontested convictions: felony battery and aggravated assault. See PSR at ¶¶ 28, 50, 52.

Therefore, even if Petitioner had timely filed his challenge to the career offender enhancement, the claim would fail on the merits. Thus, in accordance with the Rules Governing Section 2255 Proceedings, it is hereby

**ORDERED:**

1. The United States' Motion to Dismiss (Civ. Doc. 6) is **GRANTED**.
2. Petitioner Dallas Sylvester's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Civ. Doc. 1) is **DISMISSED WITH PREJUDICE**.
3. The Clerk shall close the case.

**CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS DENIED**

IT IS FURTHER ORDERED that Petitioner is not entitled to a certificate of appealability. A prisoner seeking a motion to vacate has no absolute entitlement to appeal a district court's denial of his motion. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). Id. "A [COA] may issue… only if the applicant has made a substantial showing of the denial of a constitutional right." Id. at § 2253(c)(2). To make such a showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were

'adequate to deserve encouragement to proceed further.'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)). Petitioner has not made the requisite showing in these circumstances. Because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

**DONE AND ORDERED** at Jacksonville, Florida this 5th day of August, 2019.

TIMOTHY J. CORRIGAN
United States District Judge

Lc 19

Copies:

Pro se petitioner
Counsel of record